NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANTHONY FRANKLIN and TAHREF FOLKES, | : : : : | **Civil Action No. 22-1718-CCC-AME** |
| Plaintiffs, | : : | |
| v. | : : | **OPINION and ORDER** |
| MIDDLESEX WATER COMPANY, et al., | : : : | |
| Defendants. | : : | |

This matter comes before the Court on the motion filed by pro se plaintiff Anthony Franklin ("Franklin") for appointment of pro bono counsel, pursuant to 28 U.S.C. § 1915(e)(1) [ECF 35]. Defendant Middlesex Water Company ("Middlesex Water Company") opposes the motion.[1] The Court has considered the parties' written submissions and, in its discretion, rules without oral argument. *See* Fed. R. Civ. P. 78. For the following reasons, the motion is denied.

I.      **PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiffs Franklin and Tahref Folkes ("Folkes") (collectively "Plaintiffs") bring this action seeking relief under 42 U.S.C. § 1983 and various state tort claims for harm sustained due to exposure to allegedly contaminated drinking water during their incarceration in East Jersey State Prison, in Rahway, New Jersey. On or about March 28, 2022, Plaintiffs, proceeding pro se, submitted a pleading entitled Class Action Complaint ("Complaint") to the District Court and requested it be filed without prepayment of fees. They later supplemented their submission with applications to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a). By Order entered

---

[1] Defendants Robert Chetirkin, Cindy Sweeney, and James Russo take no position on the motion.

July 29, 2022, the District Court granted Plaintiffs' *in forma pauperis* applications and directed the Clerk to mark the Complaint as filed, thus formally initiating this action. The Complaint was thereafter screened by the Court, as required by 28 U.S.C. § 1915(e)(2), and dismissed in its entirety, with leave to replead. On November 28, 2022, Plaintiffs filed their Amended Complaint, which remains the currently operative pleading.[2]

According to the Amended Complaint, while at East Jersey State Prison, Plaintiffs consumed tap water containing a carcinogenic chemical known as Perfluorooctanoic Acid ("PFOA"), which was present at levels exceeding New Jersey's drinking water standards. (Am. Compl. ¶¶ 24-26.) Plaintiffs allege that Middlesex Water Company, the water utility serving the area where East Jersey State Prison is located, distributed a notice to its customers on or about November 8, 2021, warning them of unsafe PFOA levels in the tap water and advising they take measures to reduce their exposure, including using bottled water. (*Id.* ¶¶ 14-23.) However, Plaintiffs further allege they "were not made aware that their drinking water was contaminated by [PFOA] until December 2021, and that was only through word of mouth." (*Id.* ¶ 26.) The Amended Complaint asserts that Plaintiffs each filed an inmate grievance regarding the water quality problem, but the grievances were denied. (*Id.* ¶¶ 28-29.) Plaintiffs claim, among other things, that providing them with contaminated water sickened them, posed a serious hazard to their health, and constituted cruel and unusual punishment under the Eighth Amendment of the

---

[2] However, as noted by in Middlesex Water Company's opposition to this motion, the Amended Complaint on file is incomplete. It appears to be missing a portion, resulting in the omission of the full text of paragraphs 5 through 9. This issue had previously been brought to the Court's attention, prompting the Court to issue a Letter Order on July 21, 2023, directing Plaintiffs to submit a complete copy of the Amended Complaint for filing [ECF 34]. To date, that submission has not been received by the Court.

Constitution. (*Id.* ¶¶ 32-41.) They assert Section 1983 and various state law claims against Middlesex Water Company and several individuals who served in administrative roles at East Jersey State Prison.

On July 21, 2023, Franklin filed this motion for appointment of pro bono counsel.

## II.    DISCUSSION

A civil litigant does not have a constitutional or statutory right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, appoint an attorney to represent a litigant who is unable to afford counsel. *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (holding the Court has broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e)). On this motion, Franklin maintains that the complexity of this matter, the difficulty he will face in conducting discovery and presenting evidence, particularly given his lack of legal education, and his limited ability to prosecute his claims while serving a lengthy prison sentence, warrant the appointment of counsel to represent him in this civil action. In opposition, Middlesex Water Company argues this is a straightforward case that Franklin is capable of developing and presenting, without the assistance of legal counsel, as demonstrated by his detailed Amended Complaint and the various applications he has thus far prepared and filed as a pro se litigant.

To determine whether appointed counsel is warranted, the Court must apply the analysis established by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). Under the *Tabron* framework, the threshold issue is "whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155.) If his or her claim has some merit, the Court should consider the following factors:

3

1. the plaintiff's ability to present his or her own case;

2. the difficulty of the particular legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. the plaintiff's capacity to retain counsel on his or her own behalf;

5. the extent to which a case is likely to turn on credibility determinations; and

6. whether the case will require the testimony of expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155–57). The Third Circuit "[has] noted that 'this list of factors is not exhaustive, but should serve as a guidepost for the district courts.'" *Id.* (quoting *Parham*, 126 F.3d at 457). It has also cautioned that care should be exercised in appointing counsel in civil actions, as "volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157–58.

As a threshold matter, the Court finds this action has arguable merit. The originally filed Complaint, like the Amended Complaint, arose of out harm allegedly caused by Plaintiffs' consumption of water containing excessive levels of PFOA during their incarceration in East Jersey State Prison. Because Plaintiffs were granted *in forma pauperis* status, the District Court reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2), which requires courts to *sua sponte* dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted, and issued an Order on October 21, 2022, dismissing some claims but allowing others to be cured by Plaintiffs upon repleading. Plaintiffs then filed their Amended Complaint, asserting constitutional and tort claims. That these claims have been permitted to proceed past the District Court's initial screening, indicates the action has potential merit in fact and law.

However, upon consideration of the six *Tabron* factors, the Court concludes that appointment of pro bono counsel to represent Franklin is not warranted.

First, Franklin has demonstrated he is able to present his own case. To evaluate this factor, *Tabron* instructs that "[c]ourts generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." *Tabron*, 6 F.3d at 156. Franklin has a high school education, and his various filings to the Court demonstrate that he is not only literate, but displays a firm command of the basis for his legal action and an ability to present the pertinent facts and law. The Amended Complaint contains seventy numbered paragraphs setting forth factual allegations in support of Franklin's legal claims in a cogent and well-organized manner. Moreover, Franklin has demonstrated an ability to prepare and file documents with the Court without the assistance of counsel. Before bringing this motion for appointment of pro bono counsel, Franklin filed both an initial Complaint and Amended Complaint, the latter filed consistent with the District Court's October 21, 2022 Opinion and Order, indicating deficiencies in the original Complaint and permitting Plaintiffs an opportunity to cure. Franklin also filed an application to proceed *in forma pauperis*, a motion for a preliminary injunction with temporary restraints, and a motion for class certification, all as a pro se litigant. Although Franklin does not appear to have legal training, he has thus far ably presented his case to the Court and demonstrated aptitude for the mechanics of submitting motions and applications for various relief. In this case, the first *Tabron* factor weighs heavily against Franklin's request for the appointment of counsel.

Second, this lawsuit does not involve overly complex legal or factual issues. Although Franklin asserts this action is complex because it involves various claims and defendants, the case revolves around the straightforward allegation that Plaintiffs drank tap water that allegedly

exposed them to unsafe levels of a known carcinogen and caused them to suffer physical illness. Franklin himself is in possession of many of the facts underlying his claims, including the PFOA notice distributed by Middlesex Water Company and facts related to the grievances he and plaintiff Folkes each filed through the East Jersey State Prison inmate grievance process. Thus, this factor also weighs against appointment of counsel.

Third, this action is not likely to require extensive discovery. The action arises out of a narrow set of facts, largely set forth in the allegations of the Amended Complaint. As Franklin states in his motion, written discovery and depositions will be required to explore those allegations, but the Court notes Franklin has demonstrated that he is capable of accessing resources, drafting legal documents, and reviewing case filings. Moreover, he has accomplished these tasks while incarcerated. Franklin has not raised any insurmountable difficulty in engaging in discovery such that appointment of counsel is necessary.

Fourth, the Court must consider whether Franklin can afford counsel. Typically, this factor depends on whether the movant has been granted *in forma pauperis* status. *Montgomery*, 294 F. 3d at 505. Here, Franklin has established his indigence and accordingly been granted *in forma pauperis* status, thus indicating he lacks the financial means to retain counsel.

Fifth, in its current stage of development, prior to the commencement of discovery, this action does not appear to depend on credibility determinations. "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest." *Parham*, 126 F.3d at 460. Nothing in the record suggests that this case will involve a swearing contest. Rather, based on the Amended Complaint, it appears Franklin's claims for cruel and unusual punishment under the Eighth Amendment and claims for tortious misconduct will turn on whether the water he drank was contaminated and whether Defendants' supply of that water to the prison and/or

provision of that drinking water to inmates violates the applicable rights invoked by Plaintiffs. Nor does this motion for pro bono counsel provide any indication that Franklin's claims will turn on credibility determinations. Thus, this factor also weighs against the relief sought.

Sixth, the Court must consider whether the action may require expert testimony. Although Franklin's motion does not address this issue, the Court anticipates that expert testimony may be required given the nature of his factual allegations. An expert may be needed to address what constitutes unsafe levels of PFOA in drinking water, the extent to which consumption of such water poses health risk and/or has deleterious effects, and the asserted link between drinking such water and the physical harm Plaintiffs claim to have suffered. Thus, this factor appears to favor appointing counsel. *See Montgomery*, 294 F.3d at 503-04 (holding that where a claim is based on medical injury, expert testimony is needed, thus favoring the appointment of pro bono counsel).

No single *Tabron* factor is determinative of the question of whether appointment of counsel is appropriate in a civil action under Section 1915. *Parham*, 126 F.3d at 458. Franklin's inability to afford counsel does not, by itself, warrant the use of scarce volunteer legal representation, and while the likely need for expert witnesses favors appointing counsel, it does not, at this stage of the litigation, outweigh the other factors. Here, the totality of the *Tabron* framework militates against the relief Franklin seeks.

## III.   CONCLUSION AND ORDER

For the reasons discussed, the Court concludes, in its discretion, that appointment of pro bono counsel to represent Franklin is not warranted. Accordingly,

**IT IS** on this 6th day of October 2023,

**ORDERED** that the motion by plaintiff Anthony Franklin for appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) [ECF 35] is **DENIED**.

  /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge